**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JEISON PULIDO, AKA Ramon Luis Diaz-Ortiz, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71807 <br><br> Agency No. A078-023-949 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Jeison Pulido, a native and citizen of Colombia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's order denying his motion to reopen and rescind his in absentia removal

order.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Pulido's motion to reopen on the ground that notice of his hearing was proper, where notice of his hearing was sent by regular mail to the address he provided, was not returned as undeliverable, and Pulido failed to overcome the presumption of effective service by mail. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen to rescind an in absentia removal order may be "filed at any time if the alien demonstrates that he or she did not receive notice" of the hearing); *Sembiring v. Gonzales*, 499 F.3d 981, 986 (9th Cir. 2007) (describing evidence sufficient to overcome presumption of effective service); *Popa v. Holder*, 571 F.3d 890, 896 (9th Cir. 2009) ("[A] Notice to Appear that fails to include the date and time of an alien's deportation hearing, but that states that a date and time will be set later, is not defective so long as a notice of the hearing is in fact later sent to the alien.").

In his opening brief, Pulido fails to raise, and therefore has waived, any challenge to the agency's determinations that he failed to establish changed country conditions warranting reopening to apply for asylum and that he failed to submit applications for relief with his motion to reopen. *See Lopez-Vasquez v.*

*Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief).

To the extent Pulido contends that he timely filed his motion to reopen within the 180-day deadline, we lack jurisdiction to consider this contention, where Pulido failed to exhaust it before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**